## DANIELS *v.* WARDEN OF MARYLAND PENITENTIARY

[P. C. No. 89, September Term, 1959.]

*Decided March 18, 1960.*

Before Brune, C. J., and Henderson, Hammond, Prescott and Horney, JJ.

Per Curiam.

This is an application for leave to appeal from the denial of post conviction relief. The petitioner was convicted of an attempt to rob with a deadly weapon and was sentenced to twenty years in the Penitentiary.

After a hearing on the post conviction petition at which the petitioner was represented by court-appointed counsel and at which he was present in person and testified on his own behalf, the court considered two of the contentions of the petitioner—that his trial counsel was incapable of conducting his defense and that he was denied his right to a new trial and a direct appeal because his counsel failed to act in due time—and properly decided that both of these contentions were without merit. But the lower court either purposely ignored or inadvertently overlooked two other unnoteworthy contentions made by the petitioner: (i) to the effect that the alleged "vague, contradictory and incredible" evidence was insufficient to convict him of an attempted armed robbery; and (ii) to the effect that the "state officials" wilfully and knowingly deprived him of due process and framed him by falsely accusing him of the crime with which he was charged.

Ordinarily, unless it certainly appears that an asserted ground for post conviction relief has been either abandoned or a finding thereon waived by the petitioner or his counsel, the failure of the lower court to consider *all* of the contentions of a petitioner would require a remand for a finding on all questions raised. But in this instance—because it is obvious that both of the ignored or overlooked contentions are so ineptly framed that they fail to state a judicable ground for relief—we shall assume that the court purposely ignored them for that reason. See *Barbee v. Warden,* 220 Md. 647, 151 A. 2d 167 (1959) [sufficiency of evidence can be raised on motion for a new trial or on direct appeal but not in a col-

lateral proceeding] ; *Hardy v. Warden,* 218 Md. 659, 146 A. 2d 42 (1958) [a mere allegation without more is not sufficient to state a charge that there has been a violation of one's constitutional and other rights].

*Application denied.*